IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-cv-77-WYD-PAC

JENNIFER GIFFORD,

    Plaintiff,

v.

FARMERS INSURANCE EXCHANGE, et al.,

    Defendants.

_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment and Memorandum of Law in Support, filed March 1, 2005 ("Defendants' Motion").  Defendants' Motion seeks summary judgment on Plaintiff's Title VII claims for sexual discrimination, sexual harassment, and retaliation, as well as on her state claims for breach of contract and promissory estoppel.

By way of background, I note that this case arises from Plaintiff's time as an insurance agent with Defendants (collectively "Farmers").  First Am. Compl. ¶ 8. Plaintiff claims that while with Farmers, she was subjected to harassment and a hostile work environment on account of her gender.  *Id.*  Specifically, Plaintiff claims that District Manager Dave Williams treated her differently than male employees.  *Id.* at ¶ 15.  She also alleges that co-worker Steve Stines sexually harassed her by making various inappropriate comments, which she brought to the attention of Mr. Williams.  *Id.*

at ¶¶ 17-20. Plaintiff further states that she was required to take an exam which would permit her to sell Farmers' mutual funds, annuities, and variable life insurance (the "Series 6 Exam") but that she did not pass the exam. *Id.* at ¶¶ 26-27, 30. Plaintiff was terminated after failing the exam. *Id.* at ¶ 31. Plaintiff claims that a male employee with the same job title and responsibilities was not required to take the exam. *Id.* at ¶ 29. Plaintiff's claims include: 1) gender discrimination and hostile work environment; 2) unlawful retaliation; 3) willful breach of implied contract; and 4) promissory estoppel.

The Court has considered Defendants' Motion for Summary Judgment and Memorandum of Law in Support, Plaintiff's Memorandum Brief in Opposition to Defendants' Motion for Summary Judgment, filed April 11, 2005, and Defendants' Reply in Support of Motion for Summary Judgment, filed May 19, 2005. Defendants' Motion asserts that summary judgment is proper because (1) Plaintiff's Title VII claims are time-barred and/or because the evidence shows that Plaintiff was never an employee of Defendants and (2) Plaintiff cannot, as a matter of law, establish the elements of her state law claims. For the reasons stated below, I grant in part and deny in part Defendants' Motion for Summary Judgment.

II.    ANALYSIS

    A.    Summary Judgment Standard

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56©. "The burden of showing that no

genuine issue of material fact exists is borne by the moving party." *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). When applying this analysis, the court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quoting *Martin v. Kansas*, 190 F.3d 1120, 1129 (10th Cir. 1999)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* (quoting *Martin*, 190 F.3d at 1129).

    B.    <u>Plaintiff's State Law Claims</u>

In her Memorandum Brief in Opposition to Defendants' Motion for Summary Judgment, Plaintiff states, "Upon review of Defendants' brief and supporting case law indicating the inadequacy of Defendants' alleged promises to support Plaintiff's claims fo breach of contract and promissory estoppel, Plaintiff confesses judgment on her claims of breach of contract and promissory estoppel." Pl.'s Mem. Br. in Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Mem. Br.") at 15-16. Because Plaintiff admits that judgment should be entered on these claims, I find that summary judgment is appropriate on the claims of breach of contract and promissory estoppel.

    C.    <u>Plaintiff's Title VII Claims</u>

        1.    <u>Whether Plaintiff's Claims of Sexual Discrimination, Sexual Harassment, and Retaliation are Time-Barred</u>

Defendants' Motion seeks summary judgment on Plaintiff's Title VII claims of sexual discrimination, sexual harassment, and retaliation on the basis that they are time-barred. Defendants contend that Plaintiff did not file her EEOC charge within 300

days of the events allegedly giving rise to her claim as required. Defs.' Mot. for Summ. J. at 6. Specifically, Defendants state that the alleged discriminatory conduct by David Williams ended in August 2001 and that the alleged sexual harassment by Steve Stines ended in September 2001. *Id.* at 1, ¶ 1 (citing Plaintiff's deposition). Plaintiff does not contest these dates. *See* Pl.'s Mem. Br. at 2, ¶ 1. Further, the letter to Plaintiff from Sue Swanson, which Defendants state is the only alleged retaliatory conduct, was sent on April 16, 2002. Defs.' Mot. for Summ. J. at 1, ¶ 1. Plaintiff agrees this was when the letter was sent but denies that "Swanson's memorandum constituted Defendants' single act of retaliation." Pl.'s Mem. Br. at 2, ¶ 1.

Plaintiff's employment with Defendants was terminated on January 23, 2003. Pl.'s Mem. Br. at 5, ¶ 1. Plaintiff's Charge of Discrimination was filed with the Equal Employment Opportunity Commission on April 17, 2003. Defs.' Mot. for Summ. J. at 2, ¶ 2; Pl.'s Mem. Br. at 1, ¶ 2. Plaintiff claims that her Charge of Discrimination was filed within 180 days of the event that gave rise to her claim, because it was filed eighty-three days after her termination. Pl.'s Mem. Br. at 9. She further states that the other incidents mentioned are background evidence to support her claim that the termination was discriminatory. *Id.* The parties do not dispute that the timely filing of a claim with the EEOC is a prerequisite to suit under Title VII. *See Aronson v. Gressly*, 961 F.2d 907, 911 (10th Cir. 1992). A formal charge must be filed with the EEOC office within either 180 or 300 days of the alleged discriminatory act. *Garcia v. United Parcel Service, Inc.*, 4 F. Supp. 2d 1005, 1006 (D. Colo. 1998) (citing 42 U.S.C. § 2000e-5(e)). Plaintiff agrees that her termination is the only discrete act for which she can recover,

stating "[t]he particulars of Plaintiff's charge clearly state that her claims of discrimination and retaliation are based on the <u>termination of her employment on January 23, 2003</u>." Pl.'s Mem. Br. at 8-9 (emphasis in original).

The Supreme Court has held that 42 U.S.C. § 2000e-5(e)(1) "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105, 122 S.Ct. 2061, 2068 (2002). While "discrete acts that fall within the time period do not make timely acts that fall outside the time period" (*id*. at 112), such acts may constitute relevant background to support a timely claim. *Id.* at 112-113. Plaintiff claims that she is using incidents that occurred prior to her termination as such background evidence.

Under *National Railroad*, Plaintiff cannot use the alleged discriminatory conduct by Dave Williams, the alleged sexual harassment by Steve Stines, or the alleged retaliatory letter from Sue Swanson as discrete acts for which she seeks recovery. She may, however, provide these incidents as background information in support of her claims. As such, Defendants' Motion is denied to the extent it seeks summary judgment on Plaintiff's discrimination, harassment or retaliation claims on the basis of untimely filing.

### 2. Whether Plaintiff is an Independent Contractor

Defendants also claim that Plaintiff is an independent contractor who has no standing to seek relief under Title VII. Defs.' Mot. for Summ. J. at 6. The Tenth Circuit considers a number of factors in determining whether someone is an employee for the purposes of Title VII. *See Zinn v. McKune*, 143 F.3d 1353 (10th 1998); *Sizova v.*

*National Institute of Standards & Tech.*, 282 F.3d 1320 (10th Cir. 2002). The main focus is on "the employer's right to control the 'means and manner' of the worker's performance." Sizova, 282 F.3d at 1328. The following factors are also considered:

> (1) the kind of the occupation at issue, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the employer or the employee furnishes the equipment used and the place of work; (4) the length of time the individual has worked; (5) the method of payment, whether by time or by job; (6) the manner in which the work relationship is terminated; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the employer; (9) whether the worker accumulates retirement benefits; (10) whether the employer pays social security taxes; and (11) the intention of the parties.

*Id.* Courts are to consider the totality of the circumstances surrounding the working relationship. *Id.* The Tenth Circuit has previously considered the specific issue of whether an insurance agent is an independent contractor or an employee, and it has used the hybrid test in making its determination. *See Oestman v. National Farmers Union Ins.*, 958 F.2d 303 (10th Cir. 1992). In *Oestman*, the court did not hold that an insurance agent is a *per se* independent contractor, but found that given the facts as a whole, the insurance agent in that case was an independent contractor. *Id.* at 305-06. This was because the agent's "performance was subject to virtually no restrictions," his "daily activities were not supervised and he was free to work as he chose," and he "was not required to report to his office or to spend certain hours in pursuit of sales." *Id.* at 306. The agent also furnished his office, bought his own equipment, took vacation on his own schedule, and was paid a commission without taxes withheld. *Id.* Finally, the

agreement between the parties stated that the agent was an independent contractor. *Id*. The court ultimately concluded that "on balance, the relationship is more accurately characterized as employer/independent contractor." *Id*.

The determination of whether a party is an employee or an independent contractor is a very fact-specific determination. While Defendants have presented facts that support Plaintiff's independent contractor status, Plaintiff has countered with evidence that suggests she was in fact an employee for purposes of Title VII even though her contract referred to her as an independent contractor. On a motion for summary judgment, the non-moving party's factual allegations must be taken as true and all reasonable inferences drawn in her favor. *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 980 (10th Cir. 2002). "[I]n resisting defendants' motion for summary judgment, [the nonmoving party] only has a 'burden,' if that be the appropriate word, to identify specific facts posing genuine issues of material fact." *Id.* at 982 (quoting *Lake Hefner Open Space Alliance v. Dole*, 871 F.2d 943, 945 (10th Cir. 1989) (emphasis removed)).

Viewing the evidence in the light most favorable to Plaintiff, I find that she has identified facts which present a genuine issue of material fact about her status as an employee or independent contractor. Specifically, she has stated that she was required to attend training sessions three nights a week for three months at a time and date determined by Farmers' District Manager; that all insurance applications Plaintiff completed prior to passing a state licensing exam had to be approved by the District Manager; that Farmers directed Plaintiff how her office furniture should be arranged,

the telephone protocol to use, and the required systems for information and records collection; and that Farmers dictated the form of Plaintiff's letterhead, business cards, and personal attire.  These facts indicate that Farmers exercised control over the means and manner of Plaintiff's performance.  Thus, I find that there is a genuine issue of material fact as to Plaintiff's status as an employee for purposes of Title VII and that summary judgment is not appropriate on this issue.

### 3. Whether Plaintiff Can Establish a Prima Facie Claim of Retaliation

To establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate that: (1) she engaged in protected opposition to discrimination; (2) she was subject to adverse employment action; and (3) a causal connection exists between the employer's adverse action and the protected activity.  *Kendrick v. Penske Transp. Servs.*, Inc., 220 F.3d 1220, 1234 (10th Cir. 2000) (citing *Perry v. Woodward*, 199 F.3d 1126, 1141 n.12 (10th Cir. 1999)).  The Tenth Circuit defines the term "adverse action" liberally consistent with the remedial purpose of Title VII.  *See Sanchez v. Denver Public Schools,* 164 F.3d 527, 532 (10th Cir. 1998).  In *Sanchez,* the Tenth Circuit quoted the Supreme Court's decision in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), which held that an adverse action is a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  *Id.*

Plaintiff claims that the she engaged in protected opposition to discrimination by complaining of sexual harassment and/or discrimination on May 16, 2001, December 12, 2001, and February 13, 2002.  Pl.'s Mem. Br. at 14-15.   Plaintiff then cites her

-8-

termination as the adverse employment action.  Defendants, however, claim that the only adverse employment action alleged by Plaintiff is a memo written in response to Plaintiff's complaint of harassment.  Defs.' Mot. for Summ. J. at 9-10.  Plaintiff states that "[i]n both her Charge of Discrimination filed with the EEOC and her First Amended Complaint, Ms. Gifford indicates that it was her termination that was the retaliatory unlawful employment practice."  Pl.'s Mem. Br. at 14.  Defendants assert that this is a "new claim for retaliatory discharge, which was neither alleged in her Complaint nor in her deposition."  Defs.' Reply at 1.  Defendants further state that Plaintiff may not "defeat a motion for summary judgment by asserting a new claim, after discovery is closed, and which was not pled in the Complaint and is inconsistent with her deposition testimony."  *Id.*

Plaintiff pled "Unlawful Retaliation" in her First Amended Complaint as Claim Two, and I do not find that she is asserting a new claim, as Defendants aver.  The issue in dispute is what action constitutes the adverse employment action necessary for this claim.  Plaintiff states that the adverse action was her termination, while Defendants state it was the memo from Sue Swanson, which is time-barred.  Plaintiff's First Amended Complaint does not state a specific retaliatory event but rather states that Defendants and Plaintiff's co-workers "retaliated against Plaintiff by interfering with her employment benefits and environment in direct violation of Title VII."  First Am. Compl. ¶¶ 39, 40.  While in her deposition Plaintiff stated that the retaliatory action by Sue Swanson was making her take the Series 6 Exam after she alleged sexual harassment, Plaintiff's failure of that exam was what led to her termination.  Plaintiff also claims that

her termination based on failure of the exam was pretextual.  I find that Plaintiff has presented sufficient evidence to establish a genuine issue of material fact concerning whether her termination was the adverse employment action.

Accepting Plaintiff's termination as the adverse action for the purposes of this Motion, a causal connection between the protected activity and the adverse action must be shown.  "Unless there is a very close temporal proximity between the protected activity and the retaliatory conduct, the plaintiff must offer additional evidence to establish causation."  *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001).  The Tenth Circuit has "held that a three-month period, standing alone, is insufficient to establish causation."  *Id.* (quoting *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999).  In the present case, eleven months passed between Plaintiff's final complaint and her termination, but only two months passed between the time of Plaintiff's last complaint and Swanson's letter requiring Plaintiff to complete her Series 6 Exam, which Plaintiff claims was a pretexual reason for her termination. Based on the foregoing, I find that a genuine issue of material fact exists concerning the causal connection between Plaintiff's protected activity and her termination and that summary judgment is not appropriate on Plaintiff's retaliation claim.

### III.   CONCLUSION

For the foregoing reasons, it is

ORDERED that Defendants' Motion for Summary Judgment filed March 1, 2005, is **GRANTED IN PART AND DENIED IN PART**.  It is

FURTHER ORDERED that summary judgment is **DENIED** as to Plaintiff's First

and Second Claims for Relief.

FURTHER ORDERED that summary judgment is **GRANTED** on Plaintiff's Third Claim for Relief for willful breach of implied contract and on Plaintiff's Fourth Claim for Relief for promissory estoppel, and those claims are **DISMISSED WITH PREJUDICE**.

Dated:  December 23, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge